IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3009 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER MERRITT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has been charged with receiving and possessing
child pornography in violation of 18 U.S.C. § 2252(a)(2) and 18
U.S.C. § 2252(a)(4)(B).  Filing No. 1.  Pending before me is
defendant's "Objection to Proposed Release Conditions," (filing
no. 7), interpreted as a motion to remove conditions of release
imposed on February 9, 2009.  The court imposed electronic
monitoring and a curfew in accordance with the Adam Walsh
Amendments of the Bail Reform Act, (18 U.S.C. § 3142(c)(1)(B)).
See, filing no. 13, ¶ 7(i).  The defendant claims the Adam Walsh
Amendments violate the Due Process Clause because they mandate
certain release conditions in child pornography cases, including
electronic monitoring and a curfew, without a judicial
determination of whether such restrictions are needed to assure
the defendant's appearance at trial or to protect the public.

STATEMENT OF FACTS

The defendant appeared before me for an initial appearance
and detention hearing on February 9, 2009.  Filing No. 10 (audio
file).  As to the issue of pretrial detention, the only evidence
offered by the government was the report prepared by pretrial
services.

The defendant is charged with receiving and possessing photographic depictions of child pornography through his computer.  Accordingly, the court has imposed conditions of release prohibiting the defendant's access to a computer without prior approval of the court or his supervising pretrial services officer, prohibiting defendant from accessing the internet, e-mail, or online inter-computer communications, and requiring the defendant to submit to unannounced examinations of his computer hardware and software, together with other conditions. The government requested an order imposing a curfew and electronic monitoring as conditions of pretrial release.  Although the victims of defendant's alleged crime are minors, the defendant has not been charged with any crime involving personal contact or direct observation of a minor.  There is no evidence before the court that this defendant poses any risk whatsoever of offending against a minor, and there is no evidence before the court that this defendant poses any risk of flight during the pendency of this case.  Regarding danger, he has only a minor criminal history, his only convictions being for driving with no proof of insurance, for which he received sentences of fines.  He has no history of violence or assaultive or even threatening behavior. There is no evidence that his release poses a risk of danger to any other person.

Likewise, he has strong ties to this community.  He is a life-long resident of Nebraska and presently lives and works in the town in which he grew up.  He is employed, having held the same job for a year and a half, and has family in the community. He has not traveled internationally and has no passport.  There is no evidence of any risk of flight.

Release conditions imposing a curfew and electronic monitoring can assist the government in knowing where a defendant is while he is released pending trial, but that assistance is limited.  It is unlikely, for example, that a curfew or electronic monitoring can or would serve to prevent or curtail a defendant's receipt and possession of child pornography through the use of a computer, since computers are available for public use in numerous places, and may be available to a particular person at a friend's residence.  Likewise, prohibited material could be brought to a defendant's house despite the defendant's curfew and electronic monitoring.  Curfews and electronic monitoring are tools better suited to limit a person's movements when he is a flight risk; this defendant is not a flight risk. The government has failed to show that curfews and electronic monitoring are release conditions tailored to prevent any foreseeable risk of harm or flight defendant Merritt may pose if he is released pending trial.  42 U.S.C. §§ 3142(g).

Despite these findings, the court entered an order requiring a curfew and electronic monitoring as conditions of defendant's pretrial release as required under the Adam Walsh Amendments to the Bail Reform Act of 1984, 18 U.S.C.A. § 3142(c)(1)(B).  The defendant immediately objected to these conditions, claiming the release condition requirements of the Adam Walsh Amendments violate his rights under the Due Process Clause.  For the reasons discussed below, the court agrees.  The order setting conditions of defendant's release will be amended to exclude the conditions imposing a curfew and electronic monitoring.

3

LEGAL ANALYSIS

Pursuant to the Bail Reform Act of 1984, when a person charged with a federal crime appears before the court, the judge or magistrate judge must "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C.A. § 3142(b).  The government bears the burden of proving the defendant is a flight risk or poses a risk of harm such that the defendant should not be released or, if he or she is to be released pending trial, the release must be subject to conditions.  United States v. Kisling, 334 F.3d 734 (8th Cir. 2003).

If the government meets its burden, the judge or magistrate judge must then "order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(c).  In deciding what release conditions are warranted, the court must consider "the available information" concerning:

- the nature and circumstances of the charged offense; specifically, whether the alleged offense was a crime of violence, a federal crime of terrorism, or involved a minor victim or a controlled substance, firearm, explosive, or destructive device; (18 U.S.C.A. § 3142(g)(1));

4

- the weight of the evidence against the person, ([18 U.S.C.A. § 3142(g)(2)](#));

- the history and characteristics of the person, ([18 U.S.C.A. § 3142(g)(3)](#)), including:

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, ([18 U.S.C.A. § 3142(g)(4)](#)).

[18 U.S.C.A. § 3142(g)](#). If the government proves by clear and convincing evidence that no release condition or set of conditions would reasonably assure the safety of the community, and by a preponderance of the evidence that no release condition or set of conditions would reasonably assure the defendant's appearance at trial, the defendant must be detained pending trial. [U.S. v. Orta, 760 F.2d 887, 891 (8th Cir. 1985)](#).

Prior to enactment of the Adam Walsh Amendments in 2006, the Bail Reform Act did not mandate certain conditions of release if the victim of the crime was a child. However, the Adam Walsh Amendments created, in essence, an irrebuttable presumption that a defendant charged with violating the Sex Offender Registration and Notification Act, [18 U.S.C. § 2250](#) (SORNA), or a crime involving kidnapping and/or sexually abusing a minor, buying or selling a minor, child pornography, or child prostitution (see [18 U.S.C. §§ 1201](#), [1591](#), [2241](#), [2242](#), [2244(a)(1)](#), [2245](#), [2251](#), [2251A](#),

2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425), cannot be released pending trial unless the court orders, among other things, electronic monitoring and compliance with a curfew. U.S. v. Crowell, 2006 WL 3541736, 9 (W.D.N.Y. 2006).  The defendant claims a statute requiring the court to impose electronic monitoring and a curfew as conditions of pretrial release, even in the absence of any showing that the defendant is a flight risk or that the conditions will protect the public or any person, violates his rights under the Due Process Clause.

The Bail Reform Act of 1984, as it existed prior to the 2006 Adam Walsh Amendments, was challenged on due process grounds in U.S. v. Salerno, 481 U.S. 739 (1987).  The issue raised in Salerno was whether a defendant's due process rights are violated when the court considers the likelihood of future dangerous actions by the defendant in determining whether to grant pretrial release.  Although "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law," (Bell v. Wolfish, 441 U.S. 520, 535 (1979)), Salerno held that to the extent pretrial detention is imposed to further the government's legitimate and compelling interest in preventing crime by arrestees, the detention is regulatory, not punitive.

Although pretrial detention may, in certain cases, serve a legitimate government purpose, the detention or conditions of release imposed cannot be excessive in relation to the purpose. Bell, 441 U.S. at 538.  In concluding the Bail Reform Act is not facially invalid, Salerno relied on the extensive procedural safeguards within the Act which insure that pretrial detentions, or proposed conditions of pretrial release to protect the public or avoid flight, are warranted and not so onerous that they are,

in effect, pretrial punishment in violation of the Due Process
Clause. Bell, 441 U.S. at 535 ("In evaluating the
constitutionality of conditions or restrictions of pretrial
detention that implicate only the protection against deprivation
of liberty without due process of law, . . . the proper inquiry
is whether those conditions amount to punishment of the
detainee."). Specifically, the Court explained that under the
Act: 1) pretrial detention and release subject to conditions
operates only on individuals who have been arrested for a
specific category of extremely serious offenses, (Salerno, 481
U.S. at 750); 2) an arrestee is entitled to a prompt detention
hearing, and the maximum length of pretrial detention is limited
by the stringent time limitations of the Speedy Trial Act,
(Salerno, 481 U.S. at 747); 3) the government must first
demonstrate probable cause to believe that the charged crime has
been committed by the arrestee, (Salerno, 481 U.S. at 750); 4)
the government must convince a neutral decisionmaker by clear and
convincing evidence that no conditions of release can reasonably
assure the safety of the community or any person, (Salerno, 481
U.S. at 750); and a judicial officer must determine whether
detention is appropriate based on the nature and the
circumstances of the charges, the weight of the evidence, the
history and characteristics of the individual defendant, and the
danger to the community or risk of flight if the defendant is
released pending trial, (Salerno, 481 U.S. at 751-52). Salerno
held:

> [T]hese extensive safeguards suffice to repel a facial
> challenge. . . . Given the legitimate and compelling
> regulatory purpose of the Act and the procedural
> protections it offers, we conclude that the Act is not
> facially invalid under the Due Process Clause of the
> Fifth Amendment.

Salerno, 481 U.S. at 751-752.

In contrast to the due process safeguards cited in Salerno, under the Adam Walsh Amendments to the Bail Reform Act, if the defendant is charged with a crime listed in the amendments, there is no evidence the defendant can offer to escape electronic monitoring and a curfew as conditions of release.  The Adam Walsh Amendments rely on the underlying, irrebuttable presumption that as to all persons charged with one of the crimes listed in the amendments, such persons pose a risk to the public and others if released prior to trial without, for example, a curfew and electronic monitoring.  As to the conditions of electronic monitoring and a curfew, a hearing by the court is unnecessary and, if held, meaningless because the decision rests solely on the crime charged.  The government need not prove, and the court need not consider, the circumstances of the offense charged, the weight of evidence against the defendant, the defendant's history and characteristics, or whether the defendant poses a risk of flight or harm to the public.  18 U.S.C.A. § 3142(g).

A curfew with electronic monitoring restricts the defendant's ability to move about at will and implicates a liberty interest protected under the Due Process Clause.  U.S. v. Arzberger, 592 F. Supp. 2d 590, 600 (S.D.N.Y. 2008).  See also, U.S. v. Torres, 566 F. Supp. 2d 591, 597 (W.D. Tex. 2008)("The mandatory curfew of the Adam Walsh Amendments implicates a liberty interest by curtailing an individual's ability to move from one place to another and to remain in a place of choice.") The government can curtail or deprive the defendant of this liberty interest in furtherance of its legitimate and compelling interest in preventing crime by arrestees, but it must afford the defendant procedural due process.

8

> When government action depriving a person of life,
> liberty, or property survives substantive dues process
> scrutiny, it must still be implemented in a fair
> manner. . . .  This requirement has traditionally been
> referred to as procedural due process.

Salerno, 481 U.S. at 746.


Although a curfew and electronic monitoring may advance
legitimate governmental interests during pretrial release in some
cases, as to those defendants charged with crimes listed in the
Adam Walsh Amendments, the amendments eviscerate the government's
duty to present evidence, the defendant's reasonable opportunity
to offer opposing evidence, and the judicial review and
determination otherwise required under 18 U.S.C. § 3142(g) of the
Bail Reform Act.  Under such circumstances, the procedural due
process afforded is not only inadequate, it is non-existent.

No defendant charged with a crime listed in the Adam Walsh
Amendments is afforded a meaningful opportunity to present
evidence to rebut the presumption that defendant's movement must
be restricted by a curfew and electronic monitoring pending
trial.  The Adam Walsh Amendments to the Bail Reform Act are
unconstitutional on their face because, as to every defendant
charged with a crime listed in the amendments, the amendments
foreclose any individualized judicial consideration of the
interests otherwise required to be considered under 18 U.S.C. §
3142(g).  Arzberger, 592 F. Supp. 2d at 601(Francis, J.,
presiding)(holding the Adam Walsh Amendments violate the Due
Process Clause by requiring "the imposition of a curfew with
associated electronic monitoring without providing the defendant
any opportunity to contest whether such conditions are necessary
to ensure his return to court and the safety of the community.").
See also, U.S. v. Torres, 566 F. Supp. 2d 591, 599 (W.D. Tex.

2008) (Cardone, J., presiding)(holding the Adam Walsh Amendments
ignore the requirement for an independent judicial determination
as to whether such additional mandated release conditions are
needed in violation of the Due Process Clause); U.S. v. Kennedy,
593 F. Supp. 2d 1221, 1230 (W.D. Wash.  2008)(Kennedy, M.J.,
presiding)("The imposition of the Walsh Act's "one size fits all"
mandatory conditions," without consideration of the factors set
forth in 18 U.S.C.A. § 3142(g), violates defendant's right to
procedural due process); U.S. v. Vujnovich, 2008 WL 687203, 3 (D.
Kan. 2008)(Murguia, J., presiding)(reversing, and remanding for
further hearing, the magistrate judge's imposition of pretrial
release conditions under the Adam Walsh Amendments where the
magistrate judge failed to independently determine whether the
conditions were warranted under the facts presented); Crowell,
2006 WL 3541736, 10 (W.D.N.Y. 2006)(Foschio, M.J., presiding)
("[B]y mandating the imposition of certain pretrial release
conditions, . . . thereby eliminating an accused's right to an
independent judicial determination as to required release
conditions," the Adam Walsh Amendments violate the right to
procedural due process).

     Imposing a curfew and electronic monitoring as conditions of
defendant Merritt's pretrial release solely on the basis of the
Adam Walsh Amendments would violate the defendant's right to
procedural due process.  Upon consideration of the government's
evidence and the factors set forth in 18 U.S.C. § 3142(g), I
further find that imposing a curfew and electronic monitoring as
release conditions will not serve to "reasonably assure"
defendant Merritt's appearance at trial or protect other persons
or the community, the standard set forth in the Bail Reform Act,
18 U.S.C. §§ 3142(g).

10

IT THEREFORE HEREBY IS ORDERED:

1.    The defendant's motion to remove conditions of release,
      (filing no. 7), is granted.

2.    The Order Setting Conditions of Release, (filing no.
      13), is hereby amended.  The condition of release
      imposing a curfew with electronic monitoring, (filing
      no. 13, ¶ 7(i)), is removed.

DATED this 20th day of March, 2009.

                              BY THE COURT:

                              s/ David L. Piester
                              David L. Piester
                              United States Magistrate Judge

11