IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09 CR 3009 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | SUPPLEMENTAL |
| CHRISTOPHER MERRITT, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

This matter is before me on the memorandum and order of Judge Kopf directing that a supplemental hearing be held to allow the parties the opportunity to adduce evidence relevant to the imposition of electronic monitoring and a curfew as conditions of release for this defendant. See Memorandum and Order of March 31, 2009, Filing No. 26. ("I want to know whether in each of these cases electronic monitoring and a curfew would be appropriate for the particular defendant. In other words, I want to know whether the Adam Walsh Amendments are unconstitutional as applied to each defendant.").

Defendant's conditions of release currently include a curfew and electronic monitoring. Defendant's objection to those conditions was considered by the court as a motion to amend the order setting conditions, to strike those two conditions. My order granting that motion (Filing No. 17) is now the subject of this appeal.

A hearing was held before me on May 15, 2009. At that hearing the parties were informed that the court would take into account the

information presented at the original detention hearing, and both parties were afforded an opportunity to present additional evidence. Neither side presented any evidence. Thus, my supplemental consideration of the matter is limited to the court file and the pretrial services report.

Since the report is part of the court file (Filing No. 29), there are not many salient matters to add. Rather, I note the following: Defendant is 34 years old and has lived in Nebraska all but ten years of his life. He grew up in Sidney, Nebraska and has lived in Sidney with his father for the last five years. His criminal history consists of two motor vehicle violations for which he received fines. His work history consists of principally food service jobs and a cook or kitchen manager, and he has been at his present job approximately a year and a half. He drinks alcohol only occasionally. He has essentially no assets, and a $770 monthly net income. He takes medication for depression. He has never married but has two sons with whom he has very little contact and no visitation rights. He pays child support. His education consists of a high school diploma and one semester at a community college. He appeared in this case on a summons issued by this court following his indictment. Filings No. 4, 6, and 9. In order to have electronic monitoring equipment installed in his home, he would have to obtain a second "land line" to accommodate the monitoring equipment.

I have this date filed a Supplemental Memorandum in the accompanying case on this appeal which raises the same issues. United States v. Rueb, 4:09CR3006. Rather than repeat all of the general comments from that memorandum here, I simply incorporate all of its general contents herein by this reference. I proceed to the consideration of the evidence before the court as to this defendant.

There is nothing in the court file or the pretrial services report indicating the strength of the government's evidence against him.  He is presumed innocent, and whatever evidence the government has is considered unproven.

This defendant does not pose a risk of flight.  A nearly life-long resident of Nebraska, he has significant ties to his community and has established an apparently stable life there, with five years' residing with his father and steady employment.  He has no significant ties to any other place. He has no instances of failing to appear for any court proceeding.  If the government truly believed he posed a flight risk, it is doubtful it would have summoned him to appear in this court; that summons was issued January 23, 2009 for an initial appearance on February 9, 2009; defendant had time to abscond, had he chosen to do so.

The same general considerations about danger to the community exist with Mr. Merritt as exist with Mr. Rueb.  However, there is nothing in the evidence before the court which indicates this defendant is likely to commit predatory acts if released. According to the pretrial services report, he has no known history of assaultive behavior, sexual or otherwise.  Further, there is no evidence supporting the proposition that imposing a curfew and/or electronic monitoring would prevent such acts or even lessen their likelihood.

For the reasons stated in my memoranda of March 20, 2009, Filing No. 17, the additional reasons stated in the accompanying supplemental memorandum in United States v. Rueb, 4:09CR3006, and the additional reasons stated herein, I conclude that the Adam Walsh Amendments, considered facially, deny defendants due process of law, and further, that application of the Adam Walsh Amendments to this

defendant also denies him due process of law. But for the statutory requirement, I would not impose a curfew or electronic monitoring as conditions of this defendant's release.

DATED May 29, 2009

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge

4